# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  4:17CR276 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| RICHARD L. JONES, et al., | : | **DEFENDANT RICHARD JONES'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |
| | : | |

Defendant Richard Jones, through counsel, respectfully submits the instant Sentencing Memorandum to support his request for a sentence of probation, which is sufficient but not greater than necessary to achieve the statutory goals of sentencing under Title 18, United States Code §§ 3553(a) and 3661.

                                                                           Respectfully submitted,

                                                                           STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Edward G. Bryan*
EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: edward_bryan@fd.org

**MEMORANDUM**

**I.     Introduction**

On July 19, 2017, a multiple-count indictment was filed against Richard Jones and other defendants. (Dkt. 1.) The indictment charged Mr. Jones with conspiracy and possession with the intent to distribute cocaine. (Dkt. 1.) On February 20, 2019, pursuant to a written plea agreement, Mr. Jones pled guilty to count one of the indictment (possession with intent to distribute) and the government agreed to dismiss the remaining charges against him. In the plea agreement, the parties agreed that the Total Offense Level is 18. The parties also agreed that Mr. Jones should receive a two-level deduction for minor role and a three-level deduction for acceptance of responsibility, making the final Total Offense Level 13.

Assuming the Court grants Mr. Jones the two-level deduction for minor role and the three-level deduction for acceptance of responsibility, Mr. Jones's Guideline range is 12 to 18 months, with at Total Offense Level of 13 and Criminal History Category I. (PSR ¶ 67.)

**II.    The Guidelines range in the plea agreement is correctly calculated.**

The parties agreed in the written plea agreement that Mr. Jones qualified for a total reduction of five (5) levels, two levels for minor role and three levels for acceptance of responsibility. (PSR, ¶ 5.) Although the probation department applied a two-level addition for obstruction of justice because Mr. Jones did not appear for his *pro se* trial, (PSR ¶ 15), this increase should not apply. Mr. Jones's failure to appear at trial was due to feeling overwhelmed with having to act as his own counsel in a federal trial, a role for which he was wholly unprepared. He did not act out of any malicious attempt to thwart justice or out of disrespect for the Court. When the United States Marshall's apprehended him, he was doing handy work in his church in Ravenna, Ohio. This two-level increase for obstruction of justice should not apply.

As noted in the Pre-Sentence Report, Mr. Jones's prior record consists primarily of driving offenses. He has committed no offenses that accumulate criminal history points. (PSR ¶ 36.) His Criminal History Category is therefore I. (PSR ¶ 37; U.S.S.G. Chapter 5, Part A.)

### III.    A sentence that is sufficient but not greater than necessary.

Richard Jones graduated from Ravenna High School in 1984 and attended two semesters at Kent State University. Importantly, Mr. Jones has been gainfully employed his entire adult life. Mr. Jones has extensive family in the Ravenna area with whom he is in regular contact. Mr. Jones has five biological children and one adopted child. He is well established in the Ravenna, Ohio community. Because of his lack of criminal history and his background, Mr. Jones asks that the Court sentence him to probation.

### IV.    Conclusion

Richard Jones respectfully requests the Court accept the Guideline calculation set forth in the plea agreement and impose a sentence of probation, which is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

Respectfully Submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Edward G. Bryan*
EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: edward_bryan@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

>  */s/Edward G. Bryan*
>  EDWARD G. BRYAN
>  Assistant Federal Public Defender